NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  EPICENTER PARTNERS, L.L.C.; GRAY MEYER FANNIN, L.L.C.,<br><br>Debtors,<br><br>------------------------------<br><br>EPICENTER PARTNERS, L.L.C.; GRAY MEYER FANNIN, L.L.C.,<br><br>Appellants,<br><br>v.<br><br>CPF VASEO ASSOCIATION, LLC,<br><br>Appellee. | No.    18-60018<br><br>BAP No. 17-1216<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Argued and Submitted October 23, 2019
San Francisco, California

Before:  WALLACE and BRESS, Circuit Judges, and ENGLAND,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

Appellants-Debtors, Epicenter Partners LLC and Gray Meyer Fannin LLC (Debtors), entered into a litigation financing agreement with Ganymede Investments Limited (Ganymede), by which Ganymede agreed to fund certain litigation in return for the funds advanced and 40% of any recovery. Debtors obtained a favorable judgment in that litigation, which they then settled in exchange for an assignment of a leasehold interest of land. Debtors and Ganymede then revised their litigation funding agreement to resolve the entire outstanding obligation for a $50,713,000 liquidated sum, a debt reflected in a note (Ganymede Note) secured by a deed of trust on the leasehold. As relevant here, after Debtors filed for Chapter 11 bankruptcy, Appellee-Creditor, CPF Vaseo Associates, LLC (CPF), asserted secured claims based on the Ganymede note, which CPF had purchased from Ganymede.

The bankruptcy court upheld CPF's claims with post-petition interest at the contract rate. The Bankruptcy Appellate Panel affirmed. We have jurisdiction under 28 U.S.C. section 158(d). Applying Arizona law to construe the parties' contracts and both Arizona law and federal bankruptcy law to determine whether the post-petition contract interest rate is valid under section 506(b) of the Bankruptcy Code, we affirm the bankruptcy court.

The bankruptcy court did not err by holding that Debtors owed $50,713,000 in non-contingent debt. In the Ganymede Note, Debtors "promise[d] to pay . . . the

2

principal sum of FIFTY MILLION SEVEN HUNDRED THIRTEEN THOUSAND AND NO/100 DOLLARS ($50,713,000.00) plus interest calculated on a daily basis . . . from and after the Maturity Date." The bankruptcy court properly relied on the unambiguous language of the transaction documents to conclude that the "Liquidated Sum" referred to the principal amount due after the debt matured. *See Grosvenor Holdings, L.C. v. Figueroa*, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009) ("Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation . . . .") (internal quotation marks and citation omitted).

The bankruptcy court did not err in holding that $50,713,000 was the true amount of the negotiated debt. The revised litigation funding agreement contained a discount payment scheme, but that was an incentive to reward Debtors for early payment rather than an unenforceable penalty. Debtors' failure to make an early payment did not increase the fixed amount owed. Because the discounted payment scheme did not depend on a breach of contract, there was no liquidated damages provision to evaluate. *See Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC*, 393 P.3d 449, 451 (Ariz. 2017) (defining a liquidated damages provision as one in which "[p]arties to a contract . . . agree in advance to the amount of damages for any breach") (citation omitted).

3

The Debtors have also not demonstrated that the bankruptcy court erred in awarding CPF interest at the 35% annual contract rate (interest that CPF has represented it will not be able to collect because under the substantially consummated bankruptcy plan, it purchased the collateral representing Debtors' assets). The Ganymede Note secured the debt by a first position lien and a security interest in Debtors' leasehold interest. CPF was an oversecured creditor entitled to pendency interest under section 506(b). *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989).

Assuming the 35% annual interest was a default rate, we "apply a presumption of allowability for the contracted for default rate, provided that the rate is not unenforceable under applicable nonbankruptcy law." *Gen. Elec. Capital Corp. v. Future Media Prods., Inc.*, 547 F.3d 956, 961 (9th Cir. 2008) (internal quotation marks and citation omitted). Here, the bankruptcy court correctly presumed that the 35% contract rate was valid, and Debtors failed to rebut the presumption by showing that the interest rate was an unenforceable penalty under Arizona law. Because under the parties' agreement the Debtors had paid no interest for years before the maturity date, the bankruptcy court concluded that the interest rate reasonably forecasted the harm that Ganymede would suffer if the debt was not paid on time and compensated CPF if Debtors failed to pay the debt when the debt matured. *See Dobson Bay Club II DD, LLC*, 393 P.3d at 452–53.

The bankruptcy court also did not abuse its discretion in finding that Debtors failed to rebut the presumption based on equitable considerations. *See Future Media Prods., Inc.*, 547 F.3d at 961 In weighing the equities, we have rejected "the creation of a bright line rule" in favor of a consideration of the facts and circumstances of each case. *Id.* at 962.

The bankruptcy court identified factors unique to this case, including that Debtors enjoyed many years of zero interest prior to the maturity date, in finding that the default rate compensated CPF for the risk of nonpayment. The bankruptcy court articulated and considered the full scope of the bankruptcy proceedings. The bankruptcy court, which was familiar with the proceedings as a whole, also identified no associated harm to third parties, nor have the Debtors done so. Under all of these circumstances, the debtors have not provided any basis for overturning the bankruptcy court's determinations, and we thus conclude that Debtors failed to meet their burden of rebutting the presumption based on the totality of the circumstances. *Id.* at 961. Based on the record before it, the bankruptcy court did not abuse its discretion in declining to make an equitable adjustment of the contract rate. *See In re Anderson*, 833 F.2d 834, 836 (9th Cir. 1987) ("We review awards and denials of post-petition interest for abuse of discretion, as a matter of equity").

**AFFIRMED.**